Llois B. COPELAN, a single individual, Plaintiff—Appellant,

v.

FERRY COUNTY, a County in the State of Washington; Pete Warner, individually and the marital community thereof; Jane Doe Warner, individually and the marital community thereof; Deanna Devaul, individually and the marital community thereof; John Doe Devaul, individually and the marital community thereof; Bud Knowles, individually and the marital community thereof; Jane Doe Knowles, individually and the marital community thereof; John Does I–X, Defendants—Appellees.

No. 08–35152.

United States Court of Appeals, Ninth Circuit.

Submitted June 2, 2009.*

Filed June 8, 2009.

Jerry Kagele, Kagele Law Firm, Spokane, WA, for Plaintiff–Appellant.

Michael Early McFarland, Jr., Evans, Craven & Lackie, Spokane, WA, for Defendants–Appellees.

Before: CANBY, THOMPSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Llois B. Copelan appeals the district court's grant of summary judgment dismissing all federal and state-law claims she asserted against Ferry County, Washington, its Sheriff Pete Warner, and oth-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ers. Although in her brief Copelan lists a number of issues as subjects of her appeal, the only one for which she offers any argument is the district court's ruling that Sheriff Warner was entitled to qualified immunity from liability on Copelan's § 1983 claim for violation of her constitutional rights. We therefore confine our review to that issue. *See Officers for Justice v. Civil Serv. Comm'n,* 979 F.2d 721, 726 (9th Cir.1992).

Sheriff Warner is entitled to qualified immunity from § 1983 liability because the facts demonstrate that his conduct violated no clearly established constitutional right of Copelan. *See Pearson v. Callahan,* —— U.S. ——, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). First, Copelan claims that open range cattle grazing is a clearly established constitutional right. Yet she provides no support for this conclusion. Indeed, Wash. Rev.Code § 16.24.010 demonstrates that there is no such constitutional right, because it grants counties the authority to declare areas as open or restricted range for cattle. Second, to the extent that Copelan claims that Sheriff · Warner deprived her of her property without due process, this argument is not particularized enough to demonstrate that the right was clearly established. *See Anderson v. Creighton,* 483 U.S. 635, 639–40, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (because due process rights under a § 1983 claim are "extremely abstract rights," plaintiff must frame the right in the circumstances of the particular case to satisfy the "clearly established" element). Moreover, the Fourteenth Amendment's protections are not triggered by an alleged lack of due care by Sheriff Warner that caused property loss. *See Parratt v. Taylor,* 451 U.S. 527, 543, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (no claim of a due process violation can be made where the property loss was caused by a state official's negligence and the state provides a remedy for the tort), *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327, 332–33, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (holding that the Due Process Clause is not implicated by a state official's negligent act resulting in the unintended loss of or injury to life, liberty or property). Accordingly, Sheriff Warner is entitled to qualified immunity.

**AFFIRMED.**